514 SUPREME COURT OF GEORGIA.

## Felker *vs.* Calhoun, executor.

Calhoun purchased mill property, the dam attached to which is alleged to have caused damage by flooding land above it. No request was made for him to lower the dam. He leased to Chase, who repaired the dam, and the land was flooded. There was evidence on which the jury could properly find that Calhoun did not increase the capacity of the dam while he was in possessson.

*Held*, that on a suit against both, a verdict in favor of Calhoun was right.

Nuisance.    Actions.    Damages.    Before Judge Mc-Cutchen.    Catoosa Superior Court.    August Term, 1879.

Felker sued Chase and Calhoun, (now represented by Calhoun, executor,) for damages caused by the overflow of plaintiff's land, resulting from a mill-dam. On the trial the evidence was, in brief, as follows: Some time between 1840 and 1850, one Jobe and his brother first built the dam by cutting down two trees on opposite sides of a creek, and piling on stones, dirt, etc. This did not prove very stable; and would be so washed by spring freshets as to require frequent building upon it. Calhoun became possessed of the mill property in 1862, through a line of vendors running back to Jobe. It seems that the dam was kept up until 1864, when the federal forces destroyed the mill, and the dam was washed away. It was rebuilt in 1866. In 1870, Calhoun leased the property to Chase, guaranteeing the use of the head of water at that time. Chase repaired the dam, and plaintiff insists increased the flooding of the land. The evidence as to what was the head of water at different times was not very clear. The jury found for defendants. Plaintiff moved for a new trial. The court refused it as to Calhoun, executor, because the jury could properly find from the evidence that his testator had not increased the flooding while he was in possession, and because no request to abate was shown. He granted the new trial as to Chase, because of evidence that he had increased the flooding.

A. T. HACKETT; R. J. McCAMY, for plaintiff in error.

W. K. MOORE; W. H. PAYNE; T. R. JONES, for defendant.

JACKSON, Justice.

This suit was brought for backing water on Felker's land by him against Chase and Calhoun, and the verdict was for both defendants. Whereupon a motion was made by plaintiff for a new trial, which was granted as to Chase, but refused as to Calhoun, and thereupon Felker excepted to the judgment refusing a new trial as to Calhoun.

Chase was the lessee of Calhoun, and the latter guaranteed to the former the right to keep the water at a certain height, which the presiding judge thought that the evidence was sufficient to show the jury did not raise the water beyond the height it had attained when he, the defendant Calhoun, bought the mill and water-power; though Chase, the lessee, had tightened the dam, and thereby raised the water higher. No request to abate the nuisance, or, in other words, to lower the dam, had been made to Calhoun, the alienee of the grantor from whom he bought, and, therefore, the court refused a new trial as to him, under section 3001 of the Code. That section, in part, is in these words: * * * "The alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter case [that is, where the alienee is sued] there must be a request to abate before action is brought."

To the same point is the case of *Bonner vs. Wellborn*, 7 *Ga.*, 296, and that was an action for overflowing land.

So the court was right to refuse the new trial as to Calhoun on this ground; and as there is no pretense that any request to abate the nuisance was ever given to him, this point will conclude this case so far as he is concerned, and he only is concerned in this bill of exceptions which the plaintiff brings here. It is unnecessary, therefore, to consider the

·other grounds of the motion, especially as the ruling of the ·court is put on this, and none other was ruled by the judge.

Judgment affirmed.