MIDDLEBROOKS, trustee, *v.* MAYNE *et al.*

1. There was no error in charging that to entitle the plaintiff to a verdict, he must bring evidence to sustain the allegations made in his declaration. Taken in connection with all the instructions given by the court, this charge did not limit the plaintiff to the benefit of that evidence only which he himself introduced, nor render it necessary on his part to prove entirely immaterial allegations, nor require him to prove facts essential to establish all the

т 96-29

grounds of recovery alleged in his declaration (they being in the nature of separate counts) in order to recover upon one only of such grounds.

2. While one who erects and maintains a nuisance under circumstances rendering him liable in damages to another whose property is thereby injured, may be sued without notice to abate the nuisance, an alienee of the person erecting such nuisance must have such notice, and refuse to comply with it, before becoming liable for simply maintaining the nuisance as it existed when he purchased the property on which it was located. Such notice, however, would not be essential to the maintenance of an action against the alienee for injuries occasioned by changes made by himself in the character or structure of the nuisance.

3. Where the nuisance complained of was a dam in a creek, and the court in its charge correctly informed the jury under what circumstances the defendants sued would be entitled to the notice above indicated, there was no error in using the words below inclosed in parentheses, while instructing the jury that these defendants should have been "requested to abate (by lowering or taking the dam down), so as to stop and prevent further injury." While a "simple request to abate" would be sufficient, such a request, in a case of this kind, could hardly be made at all without expressing, or necessarily implying, that a lowering or removal of the dam would be necessary.

4. If the person who originally erected a dam had, as against another, the right, without liability, to maintain the structure at a given height, such person had also the right to repair leaks in it, or rebuild in case it washed away; and his successor in title acquired all his rights in the premises, and would not be liable in damages for exercising the same, either to the person against whom the original right existed, or his privies in estate.

5. Though the court, in charging with reference to the alleged parol license which the defendants claimed had been granted to their predecessor in title, may have used language containing a slight verbal inaccuracy, as tested by the evidence bearing on this matter, the principle governing the subject was correctly stated, and the jury could not have been misled.

6. The declaration, among other things, distinctly claimed damages because of an increase in the height of the dam, alleged to have been made by the defendants, which they denied; and although the plaintiff's evidence may have been insufficient to establish the truth of their contention upon this issue, yet as it appears to have remained in the case, both under the pleadings and the evidence, until the end of the trial, the court did not err in charging upon the same.

7. According to the certificate made by the presiding judge in verifying the grounds of the motion for a new trial, the charge given

fully submitted all of the plaintiff's contentions, and fairly presented each of his alleged grounds of recovery. The verdict was amply sustained by the evidence, and there was no error in refusing to set it aside.

July 29, 1895.

Action for damages. Before Judge HUTCHINS. Oconee superior court. July term, 1894.

LUMPKIN & BURNETT, for plaintiff. R. M. JACKSON, J. J. STRICKLAND and G. C. THOMAS, for defendants.

LUMPKIN, Justice.

The motion for a new trial contained a large number of grounds. We shall not undertake to discuss in detail the facts of the case, nor all the legal questions involved. We think that the case, upon its merits, is controlled by the rules of law announced in the headnotes, and that the jury returned the proper verdict under the evidence. Most, if not all, of the legal questions have been definitely settled by repeated adjudications of this court, and are no longer left in uncertainty. We will therefore very briefly notice the points involved, in the order in which they are stated.

1. It was complained that the court erred in charging, that in order to entitle the plaintiff to recover, he must bring evidence to sustain the allegations of his declaration. This was only another way of saying that the plaintiff must prove his case as laid, a fundamental principle the correctness of which cannot be doubted. The charge complained of, when taken in connection with all the instructions given by the court, did not, as contended, limit the plaintiff to the benefit only of the evidence which he had introduced, nor render it necessary for him to prove all his immaterial allegations. The declaration, while not divided into counts, did set forth several distinct grounds of recovery, upon either of which a verdict in his favor might have been sustained; but the charge as a whole did not require him to prove

enough to establish all the grounds of recovery alleged in the declaration, in order to entitle him to recover upon one only of them.

2. The familiar rules stated in the 2d head-note are based upon the idea, that one who erects a nuisance which injures the property of his neighbor is supposed to know the fact, and therefore is not entitled to notice to abate the nuisance before becoming liable to suit; but an alienee of the person erecting the nuisance is entitled to notice before being sued, he not being presumed to know that its erection in the first instance was unauthorized, or that the person whose property was injured had a right to complain of it.   For the reason first above indicated, however, the alienee is not entitled to such notice before becoming liable to an action for injuries caused by changes made by himself in the character of the nuisance as originally constructed.

3. Where the nuisance complained of is a mill-dam, a simple request to abate the same would be sufficient, and it is not essential that the person thereby injured should request the party maintaining the dam to abate the nuisance "by lowering or taking the dam down." We do not think, however, this a matter of much moment.   It is difficult to conceive how one objecting to the existence of a mill-dam could very well request the owner to abate it so as to stop and prevent further injury to the party complaining, without asking such owner to either make it lower or to take it down altogether.

4. Where one has acquired a right as against another to maintain, without liability, a dam at a given height, he certainly also has the right to repair leaks in it, or rebuild in case the dam is washed away.   It is true that a parol license, until acted upon, is ordinarily revocable; but where it has been acted upon, and money expended on the faith of it, it becomes irrevocable.   If a dam has been erected under a parol license, and no expense at

all has been incurred except in its erection, and it washes away, the party granting the original license may then revoke it before the other has incurred any expense in rebuilding; but where, in connection with the dam, money had been expended for buildings, machinery, etc., the mere washing away of the dam alone would not authorize a revocation of the parol license. The successor in title of one having rights under a parol license is not liable in damages for exercising such rights, either to the person against whom the original rights existed, or to his privies in estate.

5. In charging with reference to the alleged parol license which the defendants claimed had been granted to their predecessor in title, the court committed a slight verbal inaccuracy; but it was of no great importance, and certainly would not authorize a new trial, it appearing that the court stated the principle of law governing the subject correctly, and in such manner as not to mislead the jury.

6. The declaration certainly claimed damages because of an increase alleged to have been made in the height of the dam by the defendants. The latter denied ever having made any such increase, and sustained their denial by a decided preponderance of the evidence. Exception was taken to a large number of charges given by the court, these exceptions being based upon the ground that the plaintiff had abandoned this branch of his case, and had not insisted upon it before the jury. Be this as it may, it is quite certain the declaration was not amended so as to strike out the allegations as to the alleged increase in the height of the dam as a basis of recovery, and the court certifies that the plaintiff's contention upon this issue remained in the case until the end of the trial. It follows that the charges complained of were not erroneously given.

7. It appears from the certificate of the presiding

judge, verifying the grounds of the motion for a new trial, that the general charge given to the jury fully submitted to them all of the plaintiff's contentions, and fairly set forth each of the grounds upon which his action was based. The record is voluminous, and in many respects tedious; but we have given it a thorough examination, and find no error authorizing a new trial.

*Judgment affirmed.*