## SOUTHERN RAILWAY COMPANY *v.* COOK.

1. Exception to the overruling of a demurrer to a petition can not properly be taken in a motion for a new trial.

2. While the entry of an officer of court may be traversed, it is necessary that the officer whose entry is thus attacked should be made a party to the proceeding; and a dismissal of such traverse on the ground that the officer was not a party was proper.

3. Demurring generally to the plaintiff's petition is such an appearance and pleading as to amount to a waiver of all irregularities of the process or of the absence of process and the service of the same.

4. The petition alleging that a nuisance which had been erected by the defendant caused injuries to the plaintiff's property, and the evidence showing that the nuisance had been erected by a predecessor in title of the defendant, a verdict in favor of the plaintiff was contrary to law.

Submitted November 23, 1898. — Decided February 10, 1899.

Action for damages. Before Judge Sweat. Coffee superior court. March term, 1898.

*DeLacy & Bishop*, for plaintiff in error.
*Elisha D. Graham*, contra.

COBB, J. On June 27, 1896, Cook brought suit in Coffee county against the Southern Railway Company, alleging, in substance: He is the owner of a certain lot of land through which the railroad runs, in said county, and which comprises a field containing about fifty acres of fertile arable land lying on the western side of and contiguous to the railroad. A short distance south of this field and near the railroad is a basin or pond with an outlet extending eastward, through which outlet the water of the basin or pond formerly flowed, without obstruction, across a point where the railroad is now situated, and in no way interfered with plaintiff's field. The defendant built its railroad-bed across this outlet to a certain point upon said lot, so that the outlet is completely stopped up by the road-bed, and the water of the pond or basin thereby prevented from flowing through it; and the defendant has maintained its road-bed across the outlet in this manner, without plaintiff's consent, from January 1, 1894, to the time of filing this suit. By reason of the railroad-bed being maintained across this outlet, the water of the pond rises higher than it formerly did, and frequently overflows a large part of the plaintiff's field, so that the plaintiff is deprived of the use of the field for the purpose of tillage, and by reason of these facts the field has been worthless to plaintiff ever since January 1, 1894. In the spring of 1894 plaintiff planted the field in corn, cotton, and other crops, and for two or three months the crops were in fine condition, but about the month of May in that year, during a rainy sea-

son, the water in the pond, by reason of the road-bed being across said outlet, rose and overflowed a large part of the field, thereby destroying plaintiff's crops. The railway company could have prevented this damage by putting a culvert in its road-bed at the point where the road-bed crosses said outlet, but it fails and refuses to adopt this usual and ordinary means of preventing damage to the plaintiff. By·reason of the premises, plaintiff has been damaged $1,000, for which he prays judgment. The declaration as originally filed alleged: The defendant has not an agent in said county, but has agents in the county of Appling, in the county of Telfair, and in other counties in said State. Upon the petition there was an entry of service as follows: "Georgia, Coffee county. I have this day served the defendant, the Southern Railway Company, by giving H. S. Tucker, agent for Southern Railroad Co., a copy of the within and foregoing petition and process, personally, this September 17th, 1896. [Signed] W. M. Tanner, sheriff, Coffee county, Ga." At the October term, 1896, the plaintiff amended the petition by striking from it the allegation that the defendant "has not an agent in said county," which he alleged was inadvertently made, and by adding the allegation that the defendant at the time of the filing of said petition had, and now has, an agent in said county of Coffee. At the appearance term the defendant demurred to the petition on various grounds, and the demurrer was overruled. The trial of the case resulted in a verdict for the plaintiff for $265; and a motion for a new trial filed by the defendant having been overruled, it excepted.

1. One ground of the motion assigned error upon the decision of the court overruling the demurrer filed by the defendant to the plaintiff's petition. That a ruling of this character can not properly be made a ground in a motion for a new trial is so well settled that the mere citation of one of the more recent decisions upon the subject is sufficient. *Mayor of Griffin* v. *Johnson,* 84 *Ga.* 279.

2. Another ground of the motion complained of the court's disallowing a traverse of the entry of service, which had been filed by the defendant. It does not appear from the record that the sheriff who made the entry was made a party to this trav-

erse or that any notice of its filing was given to him. This alone was a sufficient reason for disallowing the traverse. Civil Code, § 4988; *Lamb* v. *Dozier*, 55 *Ga.* 677; *Sindall* v. *Thacker*, 56 *Ga.* 51.

3. Even if the failure to make the sheriff a party was not a sufficient reason for disallowing the traverse, as it appears from the record that a general demurrer to the petition had been filed before the traverse was filed, this would be such a pleading to the merits of the case as to amount to a waiver of service or of any defect in the service. Civil Code, § 4981; *Lyons* v. *Planters Bank*, 86 *Ga.* 485; *Savannah Railway Co.* v. *Atkinson*, 94 *Ga.* 780.

4. The petition of the plaintiff claimed damages from the defendant, growing out of the erection of a nuisance. That such is the cause of action set forth in the petition is clear. At the trial the evidence showed that the railroad which was the cause of the nuisance was not erected by the defendant but by one of its predecessors in title, either the Macon & Brunswick Railroad Company, or the East Tennessee, Virginia & Georgia Railroad Company, and that that which is claimed to be a nuisance was in existence when the defendant acquired title and came into possession of the railroad. The code declares that "The alienee of a person owning the property injured may sue for a continuance of the nuisance; so the alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter case there must be a request to abate before action brought." Civil Code, § 3862. One who erects a nuisance and also maintains the same is liable to any one who is injured thereby, and no notice of the harmful effects resulting from the nuisance or request to abate the same is necessary to maintain an action against such person. If, however, a person come into possession of property upon which there is an existing nuisance, before an action can be maintained against such person for continuing the nuisance it is essential that there should be a request to abate it before any liability for maintaining the same would arise. *Bonner* v. *Welborn*, 7 *Ga.* 296, 314; *W. & A. R. R. Co.* v. *Cox*, 93 *Ga.* 561; *Middlebrooks* v. *Mayne*, 96 *Ga.* 449, 452. It follows therefore that

where the petition alleges that damage has been sustained by the defendant's erecting a nuisance, and the evidence shows that that which is claimed to be a nuisance was not erected by the defendant but by its predecessor in title, there would be such a variance between the allegations and the proof as to prevent a recovery by the plaintiff. It is true that in the case of *Central Railroad Co.* v. *English*, 73 *Ga.* 366, it was held that, "Where one railroad company erected a nuisance, and was subsequently leased to another company, which continued to maintain such nuisance, if the owner of the property on which it was situated notified the president and officers of the lessee company of it, and his tenant also notified the section-master of the company, this was sufficient notice and demand for abatement, and the tenant could bring an action for injuries resulting to him without more. Notice of the nuisance is sufficient." Judge Blandford in the opinion says: "If the plaintiff in error had notice of the nuisance, then this is all that is required before action brought." In that case, however, there was a distinct allegation that the railroad company had continued to maintain the nuisance after having been notified to abate. A similar allegation was contained in the declaration in the case of *Cox* v. *W. & A. R. R. Co.*, 93 *Ga.* 561. In the present case the plaintiff saw fit to rest his case upon the allegation that the defendant had erected a nuisance; and failing entirely to support this allegation by proof, a verdict in his favor was contrary to law. *Judgment reversed. All the Justices concurring.*