## BLACKSTOCK *v.* SOUTHERN RAILWAY COMPANY.

1. In an action for damages alleged to have been sustained by reason of the erection and maintenance of a nuisance by the defendant, it is not erroneous to refuse to allow the plaintiff to amend his petition by striking therefrom the allegation as to the erection of the nuisance, and by alleging, that, prior to the time the damages sued for are alleged to have accrued, he gave notice to the defendant of the existence of the nuisance and requested an abatement of the same, and that the defendant failed to comply with such request.

2. Where in such an action the defendant denies the allegations as to the erection and maintenance of the nuisance, and the evidence for the plaintiff fails to show that the nuisance was erected by the defendant, a nonsuit is proper.

Argued May 23, — Decided June 9, 1904.

Action for damages. Before Judge Kimsey. Hall superior court. July 20, 1903.

*H. H. Dean,* for plaintiff, cited Civil Code, §§ 5098, 3862; *Ga. R.* 87/704; 89/251 (1); 7/297; 73/366; 93/561; 96/450; 106/453.

*John J. Strickland,* for defendant, cited Civil Code, §§ 5098–9; *Ga. R.* 109/604; 106/451; 102/254, 259; 89/732; 82/623; 73/655, 717; 56/351; 51/517.

FISH, P. J. The plaintiff brought his action for damages against the Southern Railway Company. The petition alleges, that the track of the defendant company runs through and over the lands of the plaintiff and over Mud Creek on such lands, "that the culvert or opening constructed by said Southern Railway Company over said Mud Creek," where the creek "runs over said road of said defendant company, is too small to allow the free passage of water in times of rain, and is improperly constructed and has been allowed by the Southern Railway Company to remain partially filled with mud, sand, and debris, and for the past four years has backed the water of said Mud Creek over and upon . . petitioner's land, and caused said land to sour and become unfit for cultivation;" that "some twenty-five or thirty acres of said land has been injured by the back water from said embankments of said Southern Railway Company, and by reason of the defective culvert, and by reason of said culvert being too small to allow the free passage of water, and by reason of said culvert being allowed to fill up with said mud, sand, and debris," he has been unable to

make his usual crop on the land and the land has been too wet for cultivation, and that he has in consequence thereof been damaged in a stated amount. The trial resulted in a nonsuit. In the bill of exceptions error is assigned upon the grant of the nonsuit, and also upon the refusal of the court, pending the argument upon the motion for a nonsuit, to allow the plaintiff to amend his petition by striking therefrom the allegation as to the construction of the culvert by the defendant company, and the further refusal to allow him to amend the petition by alleging that he gave notice to the defendant company before suit was brought, for some six or eight years continuously, of the existence of the nuisance, and requested the abatement of the same. Another assignment of error is that the court erred in overruling the plaintiff's motion to rule out certain testimony of one of his witnesses, brought out on cross-examination, tending to show that at the time the culvert was constructed a different railroad company was operating the road.

1. It is very clear that the cause of action set forth in the petition was the erection of a nuisance by the defendant company, from which the plaintiff suffered damage. In setting forth such a cause of action, it was not necessary to allege notice to the defendant to abate the nuisance. Consequently, if the purpose of the proposed amendments was not to change the action from one for the erection and maintenance of a nuisance to one for continuing a nuisance erected by another, after notice to abate the same, the disallowance of the amendments worked no injury to the plaintiff. But if, as it appears to us was evidently the case, the purpose of the amendments was to so change the action, the court very properly refused to allow them. That this was the purpose of these offered amendments appears clear, from the fact that one of them proposed to strike the allegation as to the erection of the nuisance by the defendant, and the other to lay the foundation for an action for continuing the nuisance after notice to abate it. Such being the apparent purpose of the amendments, if they had been allowed, a new cause of action would have been set up. Where a person has purchased land upon which a nuisance, erected by a former owner, exists, no cause of action in favor of one injured by the nuisance arises against such alienee until he has received and disregarded a notice to abate it. Although the courts are not harmonious in holding that notice to abate is nec-

essary, in order to lay the foundation for an action against the alienee of the erector of a nuisance for a continuance of the same, there is an abundance of authority to this effect, following Penruddock's case, 5 Coke, 100, 101. So far as this State is concerned, our Civil Code is conclusive of the matter. Section 3862 provides: "The alienee of a person owning the property injured may sue for a continuance of the nuisance; so the alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter case there must be a request to abate, before action is brought." If before an action can be brought against the alienee of the property causing the nuisance there must be a request to abate the nuisance, then it is evident that no cause of action arises against such alienee until such request is made. The cause of action against him is, continuing a nuisance after having been notified of its existence and requested to abate it. The remarks of Mr. Justice Cobb, in *Southern Railway Company* v. *Cook*, 106 *Ga.* 453, are very appropriate here, as showing the difference between the cause of action set forth in the original petition in the present case and the cause of action which would have been set forth if the amendments had been allowed. He said: "One who erects a nuisance and also maintains the same is liable to any one who is injured thereby, and no notice of the harmful effects resulting from the nuisance or request to abate the same is necessary to maintain an action against such person. If, however, a person come into possession of property upon which there is an existing nuisance, before an action can be maintained against such person for continuing the nuisance it is essential that there should be a request to abate it before any liability for maintaining the same would arise." Citing *Bonner* v. *Welborn*, 7 *Ga.* 296, 314; *W. & A. R. Co.* v. *Cox*, 93 *Ga.* 561; *Middlebrooks* v. *Mayne*, 96 *Ga.* 449, 452. It follows that the ruling of the court in refusing to allow these amendments must be sustained.

2. As the plaintiff's cause of action was for damages alleged to have been sustained by him in consequence of the erection and maintenance of a nuisance by the defendant, he could not recover without showing that the nuisance was erected by the defendant, unless the defendant admitted this. The defendant expressly denied the whole of the paragraph of the petition wherein the erection and maintenance of the nuisance was alleged. This put the

burden upon the plaintiff of proving his allegation that the nuisance was erected by the defendant. He failed to carry this burden; for, at most, his evidence merely showed that the nuisance was on the right of way of the defendant company. A nuisance caused by the improper construction of a railroad over a creek, whereby the waters of the creek are backed over the land of the plaintiff, may well exist on the right of way of a particular railroad company, without showing that such railroad company erected the nuisance. The railroad company may have acquired the road after its construction and the erection of the nuisance. Because a railroad company may own and operate a particular railroad, there is no presumption that it built the road, or constructed an old embankment and culvert forming a part of the same. Certainly there can be no such presumption when it expressly denies that it constructed the embankment and the culvert. The plaintiff having alleged that the defendant erected the nuisance, the defendant having denied this allegation, there being no evidence to sustain it, and the evidence showing that whatever damages the plaintiff suffered were caused by the defective construction of the culvert, a verdict for the plaintiff, if rendered, would have been without evidence to support it. Consequently, the grant of a nonsuit was eminently proper. As will have been seen, we have reached this conclusion without considering the testimony tending to show that the nuisance was erected by a predecessor of the defendant company. So it matters not whether this testimony was rightly or wrongly admitted by the court.

*Judgment affirmed.     All the Justices concur.*