WILLIAMS *v.* SOUTHERN RAILWAY COMPANY.

1. A nuisance is anything that worketh hurt, inconvenience, or damage to another.
2. The petition in this case, properly construed, is an action for the recovery of damages resulting from the maintenance of a continuing nuisance.

3. In such a case prescription does not run in favor of its maintenance, though damages for the maintenance can not be recovered further back than four years from the bringing of the suit.

(a) It is error for the trial judge to charge the law applicable to an action for damages arising from the creation of a nuisance, where· it appears that the action brought is one for the recovery of damages arising from a continuing nuisance alleged to be maintained by the alienee of the one creating the nuisance.

(b) In the trial of an action to recover damages to land resulting from the maintenance of a continuing nuisance by the alienee of a railroad company, it was error for the court to instruct the jury that "If there has been any greater overflow within the last four years prior to the bringing of this suit, and the plaintiff has been injured and damaged in consequence of increased overflow or diversion of the water, and this was done by any act of the railroad company, then the company would be liable for whatever damages he has sustained in consequence thereof." This charge restricted the finding of damages solely to those elements resulting from an increased overflow of water within a period of four years prior to the filing of the suit.

(c) In such a case the jury are not restricted to finding damages accruing on account of the "increased overflow" within four years from the bringing of the suit, but they may, if the evidence authorizes it, find whatever damages the plaintiff has sustained from the maintenance of the nuisance within the four-year period, whether it be from "increased overflow" or otherwise.

(d) If the action be against the alienee of the person creating the nuisance, it can only be maintained against such person after giving notice to abate the nuisance, and is for damages resulting from its maintenance, and not for its creation.

OCTOBER 15, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. September 3, 1912.

*W. E. Mann* and *W. C. Martin,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

HILL, J. Williams brought suit against the Southern Railway Company, to recover for injury to certain described farm lands belonging to the plaintiff, and alleged to have been caused by the embankments of the railway company ponding the water on the land and causing the soil and sediment to accumulate in the ponds, and the resulting expanse of water to seep into the adjoining land of the plaintiff, so as to damage and render it unfit for cultivation. The evidence tended to show that the embankment and culvert had been constructed by the predecessor in title of the defendant, about twenty-five years previous to the filing of the suit, and that the defendant had maintained the embankment and culvert in practically the same condition they were in when con-

structed. The defendant in its answer averred, among other things, that it had the right by prescription to maintain its embankment and culvert as it now exists, with the consequent ponding of the water and the seepage caused thereby. The plaintiff's insistence was, that the culverts and embankments had been constructed by the defendant's predecessor in title in such a way as not to drain, but to cause the water to pond and overflow the plaintiff's land; that the gradual filling in of the ponds by the soil and sediment caused the ponds to increase in size, and to damage a larger area of lands from year to year; and that the nuisance thus created by the defendant's predecessor in title was maintained by the defendant after it had become the owner of the railroad and was in possession of it, and after being notified by the plaintiff to abate the nuisance. After the evidence was submitted to the jury, and the court had instructed them, a verdict was rendered for the defendant. A motion for a new trial was overruled, and the plaintiff excepted. In addition to the usual grounds of the motion for a new trial, the only assignments of error are as to the charge of the court. We will not consider each assignment separately, as, in the view we take of this case, the charge was not applicable to the case as made by the record. This suit was not brought to recover damages as in cases where a railroad company is liable on account of some affirmative or overt act of its own, but for maintaining a nuisance already created by its predecessor in title, to the damage and injury of the plaintiff. It is a suit for maintaining a nuisance after notice given to abate it, and to recover damages caused by reason of maintaining it.

Our Civil Code, § 4458, declares that "The alienee of a person owning the property injured may sue for a continuance of the nuisance; so the alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter there must be a request to abate before action is brought." A nuisance is anything that worketh hurt, inconvenience, or damage to another. Civil Code, § 4457. One who creates a nuisance to the hurt, inconvenience, or damage of another is liable in damages therefor; or his alienee on notice to abate the nuisance, and upon his failure to do so, is liable to one who suffers damages caused by the maintenance of the nuisance. The building of a railroad embankment which has the effect of causing water to pond on one's

land and to seep into his adjoining land, so that the owner can not cultivate or use it, is a nuisance; and the alienee of the person creating it, who after notice to abate fails to do so, is liable in damages to the person injured, and against the maintenance of such nuisance the statute of limitations does not run so as to bar a suit for its continuance or maintenance if the suit is brought within four years. The court charged the jury that, "If there has been any greater overflow within the last four years prior to the bringing of this suit, and the plaintiff has been injured and damaged in consequence of increased overflow or diversion of the water, and this was done by any act of the railroad company, then the company would be liable for whatever damages he has sustained in consequence thereof." This charge restricted the jury to the finding of damages, if any, occurring within four years from the date of bringing the suit, and caused only from "increased overflow" or diversion of the water. The evidence for the plaintiff tended to show that the building of the embankment had occurred more than twenty years prior to the bringing of the suit to recover damages, and that practically no change had occurred in the condition of the embankment, culvert, and the quantity of water in the ponds within the four years from the time of bringing the suit. Under the charge objected to, there could be no recovery, although the evidence tended to show that the maintenance of the nuisance caused damage other than by "increased overflow" of water within the four years prior to the bringing of the action. The charge restricted the jury to a finding, if the evidence authorized it, of the damages accruing, if any, only for the "increased overflow" within the four-year period. Any damage caused by the maintenance of the nuisance within the four years was recoverable. We think that the petition in this case, properly construed, was an action for damages alleged to have accrued on account of the maintenance of a continuing nuisance, and not an action for damages arising from the creation of a nuisance. If the nuisance be continuing in character and could and should be abated, a suit may be brought to recover damages for its maintenance. *Bonner* v. *Welborn,* 7 *Ga.* 327; *Phinizy* v. *Augusta,* 47 *Ga.* 266; *Gabbett* v. *Atlanta,* 137 *Ga.* 180 (73 S. E. 372); *Nalley* v. *Carroll County,* 135 *Ga.* 835 (70 S. E. 788). See *Ga. Ry. &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (75 S. E. 664); *Central Ry. Co.* v.

*English,* 73 *Ga.* 366 (2). In Joyce on the Law of Nuisances, § 57, p. 95, it is said: "And where, in the case of an alleged nuisance by a railroad by the maintenance of a culvert, the acts complained of, from which the nuisance resulted, were not a complete and permanent injury at the time the railway and culvert were erected, but became so by reason of the occurrence of future events, it was decided that, the nuisance being a constantly increasing one, the remedy of the party injured was not lost by prescription." A person never can, by prescription or otherwise, acquire a right to maintain a nuisance. *Bonner* v. *Welborn,* 7 *Ga.* 296; *City Council of Augusta* v. *Lombard,* 101 *Ga.* 728 (28 S. E. 994).

Having held that the action in this case is one to recover damages for maintaining a continuing nuisance, and not for creating a nuisance, and no question of easement being involved, the charge of the court was inapplicable under the pleadings and evidence, and it was error to instruct the jury as set out in the foregoing excerpt from the charge. On another hearing the charge of the court can be adapted to the rulings here made.

*Judgment reversed. All the Justices concur.*