## 10535. ROBERTS *et al.* *v.* GEORGIA RAILWAY & POWER COMPANY.

Although it appeared that the defendant's dam and reservoir constituted a nuisance from which the plaintiffs suffered damage, no liability on the part of the defendant was shown, it appearing that the dam and reservoir were constructed by a predecessor in title of the defendant and were not changed by the defendant, and there being no evidence of any negligent act of the defendant or of any damage to the plaintiffs after notice to the defendant to abate the nuisance.

DECIDED JAUNARY 7, 1920.

(Certiorari was granted by the Supreme Court.)

Action for damages; from Cobb superior court—Judge Morris. March 20, 1919.

*Richard B. Russell, Fred Morris, Campbell Wallace,* for plaintiffs.

*Colquitt & Conyers,* contra.

BLOODWORTH, J. On June 26, 1917, I. M. Roberts and J. P. Brooke brought suit against the Georgia Railway and Power Com-

pany, to recover $153,950, alleging that certain land owned by them in Cobb County, Georgia, known as the Laurel Hill Manufacturing Company, had been damaged by the construction of a dam, known as the Bull Sluice dam, across the Chattahoochee river, in the year 1902; that this dam was about three miles below the properties of petitioners, and that the construction of the dam created a large reservoir which extends up to, alongside of, above, and beyond the properties of petitioners; that this dam was used in connection with the defendant's power-house and machinery, in generating electricity; that this dam and reservoir was a nuisance and had been a nuisance since the time of its construction, and that this nuisance had been maintained by the defendant, the Georgia Railway & Power Company, since on or about the 6th day of March, 1912 (at which time said power company acquired title thereto), and was maintained by the defendant as a permanent nuisance; that on account of the ponding of said water and its back-flow and the deposit of sand and mud and other substances in the bed of said river, "there now emanates therefrom foul odors and obnoxious stenches, causing miasma and malaria, which has caused and rendered petitioners' property along the banks of said river to become unfit for residential purposes." It was also alleged that on June 8, 1917, petitioners gave notice, as required by law, to the defendant, the present owner and successor in title and alienee of the land upon which was located said dam and reservoir, to abate said nuisance, but said defendant failed and refused to do so, and suit was filed to recover the amount of damage already set out.

The evidence shows that in the year 1902 the Atlanta Water & Electric Company, a corporation chartered under and by virtue of the laws of the State of Georgia, constructed what is known as the Bull Sluice dam, that the said dam and plant were for the purpose of generating electricity by water to be used for the purpose of lighting towns and cities and supplying motive power to railroads and street-car lines, and supplying power to the public for the operation of plants and for general lighting purposes. The evidence further showed that at the time of the construction of said dam in the year 1902 the property now owned by the plaintiffs and for damage to which the suit at bar was instituted was owned by the Laurel Hill Manufacturing Company; that this company went into bankruptcy, and on August 5, 1911, the trustee in bankruptcy

deeded the said property to J. P. Brooke, I. M. Roberts, and George W. Wing for $31,600, and that on June 11, 1917, George W. Wing deeded his third interest in said property to I. M. Roberts and J. P. Brooke for $8,000; that the Bull Sluice dam, reservoir, and plant were owned and operated by the Atlanta Water & Electric Company until March 8, 1912, when the said company deeded said property to the Georgia Railway & Power Company; *that since the said Bull Sluice property was acquired by the Georgia Railway & Power Company no change had been made in the dam or the construction of said plant by said company,* but the same were used by it for the generating of electricity by water for the same purpose for which it was used by its predecessor in title. There is no evidence that the dam was improperly constructed, improperly operated, or improperly maintained. There is no negligence of any kind claimed either as to the Atlanta Water & Electric Company or against the Georgia Railway & Power Company with reference to construction, maintenance, or operation. There is no evidence to support the allegations in the petition that "foul odors and obnoxious stenches causing miasma and malaria" were produced by the dam and reservoir. While the evidence shows that the property now owned by plaintiffs has suffered great damage from the building of the Bull Sluice dam, yet there is no evidence of any act of negligence of the defendant, or of any damage to the property of plaintiffs *subsequent to the notice to abate,* which defendant admits was given on June 8, 1917. At the conclusion of the evidence for the plaintiffs a nonsuit was granted, and the plaintiffs excepted.

The court did not err in ordering the nonsuit and dismissing the case. The evidence shows that no change in the dam or the construction thereof was made by the Georgia Railway & Power Company after it acquired the same. In *Middlebrooks* v. *Mayne,* 96 *Ga.* 450 (2) (23 S. E. 398), the Supreme Court said: "While one who erects and maintains a nuisance under circumstances rendering him liable in damages to another whose property is thereby injured may be sued without notice to abate the nuisance, an alienee of the person erecting such nuisance must have such notice, *and refuse to comply with it, before becoming liable for simply maintaining the nuisance as it existed when he purchased the property on which it was located* (italics ours). Such notice, however, would not be essential to the maintenance of an action against

the alienee for injuries occasioned by changes made by himself in the character or structure of the nuisance." See also Civil Code (1910), § 4458; *Bonner* v. *Welborn,* 7 *Ga.* 297 (7), 314, 316, 327, 330, 347; *Felker* v. *Calhoun,* 64 *Ga.* 514; *Central Railroad* v. *English,* 73 *Ga.* 366; *Western & Atlantic R. Co.* v. *Cox,* 93 *Ga.* 561, 563 (20 S. E. 68); *Southern Railway Co.* v. *Cook,* 106 *Ga.* 450 (4), 453 (32 S. E. 585); *Central of Ga. Railway Co.* v. *Americus Construction Co.,* 133 *Ga.* 393 (3) (65 S. E. 855); *Blackstock* v. *Southern Ry. Co.,* 120 *Ga.* 416 (47 S. E. 902).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*