ROUGHTON *v.* THIELE KAOLIN COMPANY.

No. 18083. ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 24, 1953.

578

*J. D. Godfrey* and *Casey Thigpen,* for plaintiff in error.

*E. W. Jordan* and *D. E. McMaster,* contra.

CANDLER, Justice. (After stating the foregoing facts.) While the petition was, before amendment, subject to some of the grounds of special demurrer, we do not think it was subject to general demurrer. Riparian proprietors have a common property right in the waters of the stream, and the necessities of the business of one cannot be the standard of the rights of another, but each is entitled to the reasonable use of the water with respect to the rights of others, and any unlawful interference by one with the enjoyment by another of such common property right gives a cause of action. Code, § 105-1401;

*Hodges* v. *Pine Product Co.,* 135 *Ga.* 134 (68 S. E. 1107). "Running water, while on land, belongs to the owner of the land, but he has no right to divert it from the usual channel, nor may he so use or adulterate it as to interfere with the enjoyment of it by the next owner." Code, § 85-1301. And § 105-1407 of the Code is as follows: "The owner of land through which nonnavigable watercourses may flow is entitled to have the water in such streams come to his land in its natural and usual flow, subject only to such detention or diminution as may be caused by a reasonable use of it by other riparian proprietors; and the diverting of the stream, wholly or in part, from the same, or the obstructing thereof so as to impede its course or cause it to overflow or injure his land, or any right appurtenant thereto, or the pollution thereof so as to lessen its value to him, shall be a trespass upon his property." In 2 Farnham on Water and Water Rights, 1565, § 462, it is said: "The right to have a natural water course continue its physical existence upon one's property is as much property as is the right to have the hills or forests remain in place." According to the allegations of the petition as amended, the defendant, in the operation of its kaolin plant, was continuously adulterating and polluting the waters of the stream passing through the land of the plaintiff and continuously injuring the plaintiff's land by filling up the channel of the stream; and for these unlawful acts, unabated upon request, the plaintiff was entitled to recover whatever damages he sustained by reason thereof. *Satterfield* v. *Rowan,* 83 *Ga.* 187 (9 S. E. 677); *Horton* v. *Fulton,* 130 *Ga.* 466 (60 S. E. 1059); *Price* v. *High Shoals Mfg. Co.,* 132 *Ga.* 246 (64 S. E. 87, 22 L.R.A. (N.S.) 684); *Cairo Pickle Co.* v. *Muggridge,* 206 *Ga.* 80 (55 S. E. 2d, 562), and citations. There was, according to the amended petition, an illegal invasion of the property rights of the plaintiff, and he was at least entitled to recover nominal damages. *Price* v. *High Shoals Mfg. Co.,* supra; *Williams* v. *Harris,* 207 *Ga.* 576 (63 S. E. 2d, 386). And it is well settled that a petition which states a cause of action for any substantial relief should not be dismissed on general demurrer. *Greene* v. *Kelly,* 193 *Ga.* 675 (19 S. E. 2d, 718); *Reardon* v. *Bland,* 206 *Ga.* 633 (58 S. E. 2d, 377), and the cases there cited.

■ As we construe the allegations of the amended petition, this litigation was based on the defendant's continuance of a nuisance created by his grantor in 1945, and not an action for damages arising from the creation of a nuisance. One question here argued is whether or not the grantee or alienee of the property causing a nuisance is liable for damages caused by its continued maintenance. As to this, the Code, § 72-105, provides that: "The alienee of a person owning the property injured may sue for a continuance of the nuisance; so the alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter case there must be a request to abate, before action brought." In this case, as shown by our statement of the facts, the plaintiff, before this suit was brought, requested the defendant to abate the nuisance, and the defendant declined to grant the request so made. In *Southern Railway Co.* v. *Cook*, 106 *Ga.* 450, 453 (32 S. E. 585), it was said: "If, however, a person come into possession of property upon which there is an existing nuisance, before an action can be maintained against such person for continuing the nuisance it is essential that there should be a request to abate it, before any liability for maintaining the same would arise." Citing *Bonner* v. *Welborn*, 7 *Ga.* 296; *W. & A. R. Co.* v. *Cox*, 93 *Ga.* 561 (20 S. E. 68); *Middlebrooks* v. *Mayne*, 96 *Ga.* 449, 452 (23 S. E. 398). So, in *Blackstock* v. *Southern Ry. Co.*, 120 *Ga.* 414, 416 (47 S. E. 902), it was held: "If before an action can be brought against the alienee of the property causing the nuisance there must be a request to abate the nuisance, then it is evident that no cause of action arises against such alienee until such request is made. The cause of action against him is, continuing a nuisance after having been notified of its existence and requested to abate it." This court in *Roberts* v. *Georgia Ry. &c. Co.*, 151 *Ga.* 241, 249 (106 S. E. 258, 14 A.L.R. 1089), denied a request to review and overrule *Southern Ry. Co.* v. *Cook* and *Blackstock* v. *Southern Ry. Co.*, supra. "If the action be against the alienee of the person creating the nuisance, it can only be maintained against such person after giving notice to abate the nuisance, and is for damages resulting from its maintenance, and not for its creation." *Williams* v. *Southern Ry. Co.*, 140 *Ga.* 713, 714 (3d) (79 S. E. 850). And there is no merit in the contention that the

plaintiff's knowledge of the nuisance, at the time of his purchase of the property being injured thereby, would be a bar to his right to recover damages resulting from a continuation of the nuisance by the defendant, after being requested to abate it. *Central Railroad* v. *English,* 73 *Ga.* 366; *Savannah & Western R. Co.* v. *Woodruff,* 86 *Ga.* 94 (13 S. E. 156). Nor is there any merit in the contention that the defendant had acquired a prescriptive right to maintain the nuisance complained of. See *Anneberg* v. *Kurtz,* 197 *Ga.* 188 (28 S. E. 2d, 769, 152 A.L.R. 338), and *Watkins* v. *Pepperton Cotton Mills,* 162 *Ga.* 371 (134 S. E. 69), and the cases there cited. With respect to damages accruing from a continuation of the nuisance, after request to abate it, the allegations of the amended petition were sufficient to withstand the demurrer.

■ Under Code § 105-1407 and the ruling in *McNabb* v. *Houser,* 171 *Ga.* 744 (1) (156 S. E. 595, 74 A.L.R. 1122), the allegations of the amended petition were sufficient, not only to show a trespass upon the plaintiff's land, but a continuing one; and, that being true, the case comes within the rule that equity will by injunction repress a continuing trespass. *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d, 108); *Key* v. *Stringer,* 204 *Ga.* 869 (52 S. E. 2d, 305); *Smith* v. *Wilkinson,* 208 *Ga.* 489 (67 S. E. 2d, 698). See, in this connection, *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.,* 118 *Ga.* 255 (2) (45 S. E. 267).

For the reasons stated in the preceding divisions, the petition as amended was sufficient to withstand the attacks made upon it by general demurrer; and, by amendment, the petition was relieved of the defects pointed out by the several grounds of special demurrer. Accordingly, the demurrers should not have been sustained, and it was reversible error to do so.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*