A91A2172. DAVIS v. BEARD.
(415 SE2d 522)

CARLEY, Presiding Judge.

Mr. John Florence owned property upon which a dam and lake were situated. In the late 1970s, Florence had the height of the dam raised, with the result that a portion of his property thereafter became flooded during periods of heavy rainfall. Subsequently, Florence's property was subdivided and appellant-plaintiff eventually became the owner of that portion which was subject to flooding and appellee-defendant eventually became the owner of that portion upon which the dam was situated. After his property was flooded, appellant brought suit to recover damages from appellee. The case was tried before the trial court sitting without a jury and a finding in favor of appellee was returned. Appellant appeals from the judgment entered on the trial court's finding and he enumerates only the general grounds.

It is undisputed that appellee herself has done nothing to change the configuration of the dam and that the flooding dates from the time that Florence originally raised the height of the dam. Accordingly, appellant has no viable claim based upon the theory that appellee *herself* committed a trespass or created any nuisance. Appellant's recovery can be based only on the theory that appellee is vicariously liable in trespass for the flooding which results from Florence's act of raising the height of the dam or that she is directly liable in nuisance for her continuing maintenance of the dam at the height to which it was raised by Florence.

Florence is merely appellee's predecessor in title, not her agent, and appellee clearly cannot be held vicariously liable for the consequence of past acts performed by Florence in his capacity as owner of the property. Moreover, at the time that Florence raised the height of the dam there was *no* tortious trespass, since the property which thereafter became subject to flooding was his own.

Insofar as appellee's liability under a nuisance theory is concerned, OCGA § 41-1-5 (a) does provide that "[t]he alienee of a person owning property injured may maintain an action for continuance of the nuisance, for which the alienee of the property causing the nuisance is responsible." However, in order to recover under this theory, appellant must prove that there was an original nuisance created by Florence. "If there was no original nuisance, there could be no continuing nuisance. [Cits.]" *Southern R. Co. v. Leonard*, 58 Ga. App. 574,

582 (199 SE 433) (1938). See also *Atkinson v. City of Atlanta*, 81 Ga. 625, 627 (7 SE 692) (1888); *Sheppard v. Georgia R. & Power Co.*, 31 Ga. App. 653 (1) (121 SE 868) (1924). Obviously, there was no original nuisance created by Florence, since the increased height of the dam resulted in the flooding of his own property and did not cause "hurt, inconvenience, or damage to another. . . ." OCGA § 41-1-1.

Since the evidence demanded a finding in favor of appellee, the trial court certainly did not err in so finding. If appellant has any viable claim at all, it would be against his vendor based upon any actionable failure to disclose to him that the property was subject to flooding.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 11, 1992.

*Worthy & Associates, Jerry L. Worthy, Jr., James E. Seay*, for appellant.

*Vinson, Osborne, Talley & Richardson, James R. Osborne*, for appellee.