**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 20, 2025**

# In the Court of Appeals of Georgia

A25A1199. WELBORN v. SMITH et al.

McFADDEN, Presiding Judge.

Jeffrey Welborn appeals from two orders entered in his nuisance, trespass, and negligence action. He appeals from the order granting summary judgment to three neighbors, Gary Smith, Bradley Parker, and John Barrett ("the neighbors"). He also appeals from the order dismissing for improper service his claims against Kevin Cape, whom he alleges was involved in the development of the neighbors' property.

We reverse the order granting summary judgment to the neighbors because Welborn has presented some evidence creating issues of material fact on his claims against them. We affirm the order dismissing the claims against Kevin Cape because Welborn has failed to show an abuse of the trial court's discretion.

1. *Summary judgment*

(a) *Factual and procedural background*

We first address Welborn's appeal from the order granting the neighbors' motion for summary judgment. When we review an order on

> a motion for summary judgment, we must construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences. The party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact. Our review of the grant or denial of a motion for summary judgment is de novo.

*Toyo Tire N. Am. Mfg. v. Davis*, 299 Ga. 155, 161 (2) (787 SE2d 171) (2016) (citation and punctuation omitted).

So viewed, the evidence shows that Welborn owns a 71-acre property that contains a lake. Until the activities at issue, the lake had always been clear, as shown in the photographs that Welborn attached to his complaint.

Defendant Carson Ridge Development LLC owned an approximately 30-acre property immediately adjacent to and to the south of Welborn's property. Defendants

2

Seth Cape and Kevin Cape are affiliated with Carson Ridge Development, according to Welborn.

Carson Ridge Development and defendant Clearwater Landscape, LLC performed work on the 30-acre property to develop it for the construction of new houses. (In the remainder of this opinion, we refer to Carson Ridge Development, Clearwater, Seth Cape, and Kevin Cape collectively as the "developers.") As shown by photographs attached to the complaint, the developers pushed trees, limbs, brush, construction debris, and trash into a ravine that straddles lot one in the development and Welborn's property. This action overtopped and clogged the head of the spring that feeds into Welborn's lake. The developers filled a slope with fill dirt when constructing the houses on lots two and three, but they failed to properly compact the fill dirt.

The developers took inadequate erosion control measures during the development process. Runoff overwhelmed the erosion control measures and increased the flow of water, silt, debris, and sediment into Welborn's lake. The developers' actions in clear cutting and grading the property and performing other land-disturbance activities increased the volume and the velocity of water traveling

3

downward from the development onto the Welborn property and into the Welborn lake. And the increased volume and velocity of the water increased the volume and velocity of silt, sediment, and other pollutants that ran into the lake. The lake became muddy and discolored, as shown by photographs attached to the complaint.

The neighbors bought houses on lots one, two, and three of the development. Their properties are adjacent to Welborn's property.

Welborn filed this renewal complaint against the defendants, asserting claims for nuisance, trespass, and negligence against the neighbors. The trial court granted the neighbors' motion for summary judgment and dismissed the claims against Kevin Cape. Welborn filed this appeal.

(b) *Nuisance and trespass*

Welborn argues that the trial court erred by granting the neighbors' motion for summary judgment on his nuisance and trespass claims. (He does not challenge the grant of summary judgment on his negligence claim against the neighbors.) We agree.

The trial court granted the neighbors' motion for summary judgment on the ground that Welborn had failed to point to evidence creating a jury question on the

issue of whether he has experienced a continuing injury to his property because of any act or omission of the neighbors.

Welborn admits that he cannot identify any affirmative actions that the neighbors took to increase the discharge of water, eroded soils, silt, sediment, muddy water, pollutants or debris onto his property. But, he argues, he was not required to make such a showing because the neighbors may be held liable on the ground that they own the property that discharges water onto Welborn's property. We agree.

"The alienee of a person owning property injured may maintain an action for continuance of the nuisance for which the alienee of the property causing the nuisance is responsible." OCGA § 41-1-5 (a). To recover under this theory, a plaintiff must show that there was an original nuisance caused by a predecessor in title of the defendant, *Davis v. Beard*, 202 Ga. App. 784, 784-785 (415 SE2d 522) (1992), and that the defendant failed to abate the nuisance after receiving notice of it. *Blackstock v. S. Ry. Co.*, 120 Ga. 414, 416 (47 SE 902) (1904). "Notice to a purchaser that he will be held responsible for any damages subsequently caused by the nuisance will suffice in lieu of a specific request to abate." *West v. CSX Transp.*, 230 Ga. App. 872, 873 (1) (498 SE2d 67) (1998) (citation and punctuation omitted).

We have "repeatedly held that a lay witness' personal observations about water flow are probative of causation issues in a nuisance case." *Hayman v. Paulding County*, 349 Ga. App. 77, 83 (1) (b) (825 SE2d 482) (2019) (citation and punctuation omitted). See also *DeKalb County v. McFarland*, 231 Ga. 649, 653 (2) (g) (203 SE2d 495) (1974) (a lay witness may give his opinion as to whether or not there has been an increase in the flow of water onto his property).

Welborn's verified complaint, with the attached photographs, is sufficient to create a genuine issue of material fact as to whether the developer defendants' activities caused damage to his lake and amounted to a nuisance or trespass. Welborn "submitted photographs from which a jury could find inadequate erosion and/or sediment control measures in the subdivision . . . and excessive turbidity and discoloration in [his lake]." *Tyler v. Lincoln*, 236 Ga. App. 850, 851 (513 SE2d 6) (1999), reversed in part on other grounds, 272 Ga. 118 (527 SE2d 180) (2000). Indeed, the trial court found that Welborn's photographs and personal observations regarding visual changes to the lake were sufficient to create a dispute of material fact for the initial nuisance or trespass claims against the developer defendants.

Whether the developers, including the neighbors' predecessor in title, created a nuisance is a disputed issue of material fact. So whether the neighbors may be held liable under OCGA § 41-1-5 is likewise a disputed issue of material fact that precludes summary judgment on the nuisance and trespass claims against them.

The neighbors argue that they are entitled to summary judgment on Welborn's nuisance claim for another reason: because Welborn failed to give them pre-suit notice as required by OCGA § 41-1-5 (b). See *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 647 (458 SE2d 632) (1995) ("a judgment right for any reason should be affirmed"). That paragraph provides that: "Prior to commencement of an action by the alienee of the property injured against the alienee of the property causing the nuisance, there must be a request to abate the nuisance." OCGA § 41-1-5 (b).

But nothing in the statute requires notice to be in any particular form. See *West*, 230 Ga. App. at 873 (1) (notice does not require a specific request to abate, and whether the parties' discussions were sufficient notice was a question of fact). Compare OCGA § 36-33-5 (setting out specific requirements for pre-suit notice of a claim for damages against a municipal corporation for injuries to property).

And it is undisputed that the neighbors were served with Welborn's first lawsuit that asserted a nuisance claim against them based on largely the same factual allegations in this renewal complaint. The neighbors cite no authority, and we have found none, demanding a finding as a matter of law that Welborn failed to comply with OCGA § 41-1-5 (b). So we do not affirm summary judgment on this ground.

2. *Dismissal for lack of service of process*

We now address Welborn's appeal from the order granting Kevin Cape's motion to dismiss the claims against him for insufficiency of service of process. We hold that Welborn has not shown that the trial court abused his discretion.

We will uphold a trial court's ruling on a motion to dismiss for insufficient service "absent a showing of an abuse of discretion. An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Ferriero v. Progressive Premier Ins. Co.*, ___ Ga. App. ___, ___ (2) (___ SE2d ___) (Case No. A25A0999, decided Sep. 10, 2025) (citations and punctuation omitted). "Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support

8

them." *IMC Constr. Co. v. Mitchell*, 365 Ga. App. 470, 471 (879 SE2d 105) (2022) (citation, punctuation, and emphasis omitted).

The record shows that Welborn timely filed this renewal complaint on January 22, 2024, which the trial court determined was after the statute of limitation on his claims against Kevin Cape had run. The trial court found that Welborn attempted to serve Kevin Cape with the renewal complaint on January 25, 2024, but that the attempt was unsuccessful.

Kevin Cape filed a special appearance answer raising the defense of lack of service of process on February 26, 2024. On March 22, 2024, he moved to dismiss the claims against him for insufficiency of service of process. The trial court found that, after the filing of the motion to dismiss, Welborn did not attempt to serve Kevin Cape again until April 26, 2024, and that he made ten unsuccessful attempts at service between April 26, 2024, and June 9, 2024. Welborn made no additional attempts to serve Kevin Cape until he finally served him at his deposition on August 19, 2024.

Noting that Welborn offered no explanation for the delay from February 26, 2024, until April 26, 2024, or for the delay from June 9, 2024, to August 19, 2024, the

9

trial court held that Welborn had not exercised the greatest possible diligence to serve Kevin Cape. See generally *Van Omen v. Lopresti*, 357 Ga. App. 9 (849 SE2d 758) (2020) (discussing application of the greatest-possible-diligence standard). So the court granted Kevin Cape's motion to dismiss the claims against him.

Welborn seems to argue that the trial court erred because Kevin Cape had actual notice of the renewal complaint since his attorney in the original action had received a copy. But "notice of the suit is insufficient in the absence of service in compliance with OCGA § 9-11-4." *IMC Constr.*, 365 Ga. App. at 470. See also *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989) ("there is no authority to dispense with the clear requirements of [the service statute] merely because the defendant may otherwise obtain knowledge of the filing of the action").

Welborn has failed to show that the trial court abused his discretion in dismissing the claims against Kevin Cape.

*Judgment affirmed in part and reversed in part. Hodges and Pipkin, JJ., concur.*