Beall *vs.* The Surv'g Ex'rs of Fox.

No. 46.—CATHERINE E. BEALL and others, plaintiffs in error, *vs.* The surviving Executors of JOHN Fox, defendants.

[1.] Where a writ of error was brought in the name of Catharine E. Beall *and others, heirs at law,* held to be a fatal defect—the writ must state the *names of the others.*

[2.] Where the *names of the others* are apparent on the face of the record, the writ may be amended by the record, provided the amendment does not prejudice the rights of any of the parties thereto.

CONE, moved to dismiss the writ, on the ground that the plaintiffs were therein described as "Catharine E. Beall and others, heirs at law," without stating who the *others* were, and cited, *Morris vs. Wiley,* 2 *Kelly.*

STARNES, contra, contended, that this Bill was filed by the Executors of Fox, against the heirs at law, and certain charities, legatees under the Will, for the construction of the Court. The decision below was in favor of the charities and against the heirs. It was impossible, therefore, to make them all parties plaintiff. And also, that the description "heirs at law," was sufficiently definite. If necessary, he moved to amend the Writ of Error by inserting the other heirs as parties plaintiff.

GOULD, same side, insisted, that the decision in *Morris vs. Wiley* had been overruled by the Legislature. *Pamph.* 1847. And in support of the motion to amend, cited *Carey vs. Rice,* 2 *Kelly.*

WARNER, J. delivered the opinion of the Court.

[1.] The writ of error in this case being in the name of Catharine E. Beall, and *others,* heirs at law, is a fatal defect. In *Deneale et al. vs. Stump's Executors,* 8 *Peters' Rep.* 526, the writ of error was dismissed, because it was brought in the name of Mary Deneale, and *others,* without stating the *names of the others.*

In *Morris vs. Wiley, Parish & Co.* 2 *Kelly,* 287, and in *Carey vs. Rice, Ib.* 409, we recognized the authority, of the case of *Deneale vs. Stump's Executors,* and ruled accordingly. We also held in *Carey vs. Rice,* that the writ of error might be amended.

[2.] The plaintiffs' Counsel here, who is the Attorney of record for the heirs at law, now moves the Court to amend the writ by the record, so as to insert the names of the heirs at law, appearing in the record, as parties plaintiff in the writ. Notice has been given to the defendants in error, on the part of the Counsel for the plaintiff in error, of the filing the bill of exceptions, and there will be no surprise, or prejudice, by the amendment. The practice of this Court in allowing amendments, will be as liberal as the law will authorize, provided the amendment does not prejudice the rights of others, not before the Court. The Counsel moving the amendment, is the Attorney of record of the parties whose names are proposed to be inserted in the writ, as parties, and they will be bound by his act. Let the amendment be allowed.