### 19188. MOSS *v.* THOMSON COMPANY.

HAWKINS, Justice.   Thomson Company filed a petition for injunction against M. F. Moss, which, as amended, alleged: That it was the owner, and at all times mentioned in the petition was in possession of the following described parcel of land: "All that lot or parcel of land together with the improvements thereon, situate, lying and being in the State of Georgia, County of Columbia, Town of Harlem, on the south side of Milledgeville Road, sometimes called Milledgeville Street, having a front on Millegeville Road, of one hundred forty-five and five-tenths (145.5) feet and extending back in a southerly direction between slightly converging lines a distance of three hundred twelve (312) feet on its eastern line and a distance of three hundred eighteen and nine tenths (318.9) feet on its western line, and having a rear width of one hundred six (106) feet, containing ninety-four hundredths (.94) acre. Said lot of land is bounded on the north by Millegeville Road; on the east by property of L. I. Prather and by the parcel of land hereinafter described and conveyed; on the south by property of L. I. Prather and G. M. Carter, and on the west by land of Sanders, formerly of Holliman. The lot of land hereinabove described is known and designated as Tract A on the plat made by Walton Flythe, C. E., January 5, 1955, and recorded in the office of the Clerk of the Superior Court of Columbia County, Georgia, in Deed Book 40, p. 476." That the defendant claims to own the lot immediately adjoining the plaintiff's property on the west and has entered upon the above described lot owned by the plaintiff and has commenced the erection of a fence over and upon the plaintiff's said property, and has dug holes and erected fence posts from a point on Milledgeville Road about 20 feet east of the plaintiff's west property line, said posts extending southward to a point near the southwest corner of the plaintiff's said lot; that the defendant is undertaking to erect said fence without the permission or consent of the plaintiff and over its objections and protests; that if the erection of the fence is completed, it would interfere with the plaintiff's ingress and egress to and from its property, and constitute a continuing trespass, and seriously interfere with the plaintiff's use, occupancy and enjoyment of its property, and cause it irreparable injury and damage. To the judgment overruling his general demurrer, and granting to the plaintiff a temporary injunction the defendant excepts. *Held:*

1. While a petition to enjoin an alleged trespass upon realty which fails to describe the land involved with that degree of certainty that will establish the identity of the land is subject to general demurrer (*Laurens County Board of Education,* v. *Stanley,* 187 *Ga.* 389, 200 S. E. 294), if the description contained in the petition furnishes a key whereby the identity of the land may be made certain by extrinsic proof it is sufficient as against a general demurrer. *Bruce* v. *Strickland,* 201 *Ga.* 526 (40 S. E. 2d 386); *Miller* v. *Stewart,* 202 *Ga.* 127 (42 S. E. 2d 445). Applying these rulings, the allegations of the plaintiff's petition describing the property involved as being Tract "A", as shown on a designated, duly recorded plat were sufficient to furnish a key to the identity of the land.

2. In order to maintain an action for trespass upon realty it is essential that the plaintiff show either that he has title to the land, or that he was in possession thereof at the time of the alleged trespass. *James* v. *Riley,* 181 *Ga.* 454 (2) (182 S. E. 604). One who is bona fide in possession of land under claim of ownership may, upon proof of such possession, and such circumstances as would render the issuance of the writ of injunction necessary and proper, maintain an action to enjoin interference with his possession. *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S..E. 184).

3. While ordinarily a court of equity will not interfere to prevent a mere trespass, but, as a general rule, will leave the injured party to his legal remedy, the threatened and attempted erection of a fence upon the land of another so as to obstruct ingress and egress, and seriously interfere with the use, occupancy and enjoyment of the property, as alleged in the instant case, would constitute such a continuous trespass as will be enjoined. *Miller* v. *Stewart,* 202 *Ga.* 127, supra, and cases there cited; *Gainesville Midland Railroad Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d 108); *Roughton* v. *Thiele Kaolin Co.,* 209 *Ga.* 577 (74 S. E. 2d 844).

4. Irrespective of whether the deeds introduced in evidence by the plaintiff for the purpose of showing title in it to the land involved were void for uncertainty of description, the petition alleged, and the evidence introduced upon the interlocutory hearing showed, that the plaintiff. was in possession of the land described in the petition at the time of the commission of the alleged trespass, and under the foregoing rulings the trial judge did not err in overruling the general demurrer to the petition or in granting an interlocutory injunction restraining the defendant from the erection of the fence described in the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 14, 1956.

*Leonard S. Counts, Counts & Collins, O. L. Collins,* for plaintiff in error.

*Fulcher, Fulcher & Hagler, W. M. Fulcher,* contra.