## 21442. BETHEL FARM BUREAU v. ANDERSON.

CANDLER, Justice. On September 29, 1894, John C. Pierce, for the recited consideration of "school purposes and such other purposes as are laudable," conveyed a small tract of land in Quillian's District of Hall County, Georgia, to five named persons as trustees, but his deed provides that no other authorized use of the land shall interfere with the operation of a school on it. The deed contains the following condition: "In case the above described property is not used for the purposes herein set forth for the term of ten years, this deed shall be null and void otherwise to be of full force and binding." It provides for the election of future trustees of the property by a majority vote of the patrons of such school. Its habendum clause reads as follows: "To have and to hold the said above granted and described property, with all and singular the rights, members and appurtenances thereunto appertaining to the only proper use, benefit, and behoof of said party of the second part their successors in fee simple; and the said party of the first part the said bargained property above described unto the said party of the second part their successors against the said party of the first part his heirs, executors, administrators, and assigns and all and every other person or persons shall and will and does hereby warrant and forever defend by virtue of these presents." Within four or five years after such deed was executed and solely at their expense, the patrons of the Bethel School District erected a schoolhouse on such land and it was used for school purposes continuously from the date of its erection until June 1952, when the Hall County Board of Education consolidated such school with other schools into what is known as the Brookton Elementary School, and such consolidated school building was located at a different place. No public school has been operated on the land conveyed by the Pierce deed since the Bethel School was consolidated with other schools in 1952. There are no trustees of the property, but the former patrons of Bethel School who are beneficiaries of the trust created by the Pierce deed are organizing a kindergarten in their community, and will need the use of such property for that purpose. Since there are no trustees of such property because of the failure of the patrons of the Bethel

school to elect them, the court should appoint trustees of the property and decree title to it in them, and there is a prayer that such be done. On May 29, 1961, the Bethel Farm Bureau, an unincorporated association, brought a three-count petition against Hoyt Anderson to enjoin a continuing trespass on the property by him, alleging in addition to the facts stated above, substantially the following: Petitioner was organized in 1943 for the purpose of developing, fostering, promoting, and projecting programs for the general welfare, including the economic, social, and educational well-being of farm people residing in that section of Hall County where the property involved in this litigation is located. It has a membership of 91 persons, including the defendant, who are citizens of Hall County, former patrons of the Bethel School, and are beneficiaries of the trust created by the Pierce deed in 1894. From the date of its organization in 1943 until the end of the 1952 school year, it and the Bethel School jointly occupied and used the property involved for the respective purposes of each, but the plaintiff's occupancy and use of it did not interfere with its use for public-school purposes. Since the end of the school year in 1952, the petitioner has been in exclusive possession of such property under the Pierce deed of 1894, and has occupied it continuously for the purposes for which it was organized. While the Bethel School was in operation, the plaintiff through its members did extensive landscaping and grading on the schoolyard and placed a television and a piano in the school building, all without any cost to the Hall County Board of Education. On or about May 1, 1961, the defendant "chained and locked" the building on such property and by such act deprived the petitioner of access thereto and of its right under the Pierce deed to further occupy and use it; that such act was done by the defendant without notice to the petitioner and while all of its property, including its furniture and equipment, was located in the building; that the defendant has since then placed a tenant in the building; that he has by such unauthorized and wrongful acts converted it to his own use and he is a trespasser on such property, since he has no right of possession to or control over it. He has altered the building by tearing down shelves and partitions in it and has moved all of petitioner's equipment, which includes a stove,

chairs, and a desk, into another room of the building. Unless the defendant is restrained and enjoined from further occupying the premises and making other alterations in the school building thereon, its members, as beneficiaries of the trust, in consequence of such wrongful acts will suffer irreparable loss and injury. At the time of his wrongful entry on such property and the commission of such acts of trespass, the defendants had knowledge of the provisions of the Pierce deed of 1894, which created a continuing charitable trust; that he knew petitioner was in possession and control of the property conveyed by such deed; and that its members were claiming such property as beneficiaries of the trust created by the Pierce deed. Petitioner is mainly an educational organization since it is an outlet for the dissemination of information from the Agricultural Department of the University of Georgia by the County Agent of Hall County, who is a member of the University's faculty, and it uses the building for such educational purpose. The reasonable market value of the property is $5,000. The defendant's wrongful acts deprive petitioner's members of access to and use of the building; they constitute and are a continuing trespass on the property; and they will, because of their continuity, cause a multiplicity of suits unless he is enjoined from further committing such wrongful acts of trespass. The petition was dismissed on general demurrer, and the exception is to that judgment. *Held:*

1. "An action or suit may be maintained by and in the name of any unincorporated organization or association." *Code Ann. Supp.* § 3-117 (Ga. L. 1959, pp. 44, 45).

2. A petition which states a cause of action for any of the substantial relief it seeks is not subject to general demurrer. *Beck & Gregg Hardware Co. v. Associated Transport, Inc.,* 210 Ga. 545 (3) (81 SE2d 515).

3. *Code* § 105-1403, which is a codification of the common law (*Ault v. Meager,* 112 Ga. 148, 37 SE 185), declares that: ". . . bare possession of land shall authorize the possessor to recover damages from any person who shall wrongfully, in any manner, interfere with such possession." Illustrative of the extent to which our law goes to protect one's possession of land, § 33-102 of the Code of 1933 provides: "A plaintiff in ejectment may recover the premises in dispute, upon

his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." The petitioner shows that its members have had exclusive possession of and used the property involved in this litigation for an educational purpose since June, 1952, and until about May 1, 1961, when the defendant, an alleged trespasser, wrongfully denied them access to it and deprived them of their right to occupy, use, and enjoy it. In these circumstances, and on application of the principles announced above, we hold that the petition alleges facts which would, if proved, authorize the Superior Court of Hall County to enjoin the defendant from committing further acts of trespass on the property involved (*Justice v. Aikin*, 104 Ga. 714, 30 SE 941) ; and this is especially true in the instant case, where the allegations of the petition affirmatively show that petitioner's members, in behalf of whom this litigation was instituted, are, as to the property involved, the beneficiaries of the trust estate which was created by the Pierce deed of 1894, and that they are, as the beneficiaries of such trust, organizing a kindergarten in their community and will need the use of the property involved for such school purpose.

4. It was unanimously held by this court in *Moss v. Thompson Co.*, 212 Ga. 184 (91 SE2d 485), and the several cases there cited, and in *Duffee v. Jones*, 208 Ga. 639 (68 SE2d 699), that equity will enjoin a continuing trespass on land. It was said in the *Moss* case that an act which obstructs ingress and egress to property and seriously interferes with its use, occupancy, and enjoyment constitutes such a continuous trespass as will be enjoined by a court of equity. And in the *Duffee* case it was also said that allegations that church trustees had entered upon, altered, and would further alter for religious purposes realty conveyed to trustees of a local school district for school purposes showed a continuing trespass on trust property, which equity would enjoin.

5. In the instant case there can be no doubt about the sufficiency of the Pierce deed of 1894 to create a charitable trust for school purposes, and a court of equity has full jurisdiction to carry into effect the charitable gift of the grantor according to the intention expressed by him in the deed of trust. *Beall v. Fox*, 4 Ga. 403; *Dominy v. Stanley*, 162 Ga. 211 (138 SE 245) ; and *Duffee v. Jones*, supra. "A charity once inaugurated

is always subject to the supervision and direction of a court of equity, to render effectual its purpose and object." *Code* § 108-204. And *Code* § 108-302 declares that "A trust shall never fail for the want of a trustee." While the grantor's deed which created this particular trust named five persons as trustees of the property and provided for the election of their successors by a majority vote of the patrons of the school he sought thereby to provide for and establish, it nevertheless appears from the petition that there were no trustees of the property when the operation of a school on the land so conveyed was discontinued in 1952, and that none can presently be elected in the manner provided by the creator of the trust, since there are no patrons of a school which is being operated on the property. In these circumstances, we hold that a court of equity, in an exercise of its supervision and direction over and respecting trusts, on an application as here by the beneficiaries of such trust property, has jurisdiction and power to appoint trustees for such property and decree title in them as the trustees thereof. See *Thompson v. Hale*, 123 Ga. 305 (51 SE 383).

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962—
REHEARING DENIED JANUARY 22, 1962.

*Herbert Edmondson*, for plaintiff in error.
*Harben & Harben, Sam S. Harben, Sam S. Harben, Jr.*, contra.