## 38769. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al. v. TINSLEY MILL VILLAGE.

HILL, Presiding Justice.

Defendants, The Equitable Life Assurance Society of the United States ("Equitable") and its property manager, Peachtree Development Corporation ("Peachtree"), appeal the denial of their motion for summary judgment. Plaintiff Tinsley Mill Village, an unincorporated association (the "Association"), brought this action on behalf of its members, owners of condominiums in the Tinsley Mill Village complex, against Equitable, Peachtree and three others.

Defendants Bessemer Securities Corporation, Phipps Land Company, Inc., and Garden Cities Corporation (the "Bessemer Group," not the principal parties to this appeal) held several large tracts of land in Fayette County. Equitable provided financing to Garden Cities for development of the Fayette County properties and received a security interest in these properties. One of these tracts is the property on which the condominium complex is located. The Bessemer Group, or one of them, sold the tract to Tinsley Mill Village Limited Partnership ("TMV Ltd.") which constructed the condominium units and sold them to the current owners or their predecessors. TMV Ltd. filed a declaration under the Apartment Ownership Act, Ga. L. 1963, p. 561 (Code Ann. Ch. 85-16B), providing

for the creation of the Association. The Association has succeeded TMV Ltd. in the management of the condominiums.

The condominium tract is bisected by a creek and the two portions of the tract separated by the creek are connected by a road. The road and the culverts through which the creek runs under the road were constructed by defendants Bessemer and Phipps. The Bessemer Group retained title to the creekbed which runs through the condominium complex.

The condominium complex was flooded in November, 1977, May, 1978, and April, 1979. The Association alleges that the culverts in the creekbed below the road connecting the two portions of the condominium complex were inadequately constructed to handle the flow of the creek and caused the flooding. In June, 1979, Equitable acquired by foreclosure and quitclaim deeds all properties in Fayette County owned by Garden Cities. The Association alleges, and Equitable concedes for purpose of its motion for summary judgment, that the creekbed where the culverts which are the subject of this action are located was a part of this acquisition.

The Association is seeking money damages for the flooding of condominium units and common areas of the tract from the Bessemer Group for their negligent construction and maintenance of the culverts; an injunction against Equitable and Peachtree to prohibit them from maintaining a continuing nuisance on their property; and an injunction against Equitable and Peachtree to prohibit further development of any upstream properties.[1]

Prior to trial Equitable and Peachtree sought summary judgment urging, among other grounds, that (1) the condominium owners are responsible for repairing the culverts because they have an easement, the road, over the creekbed; and (2) the Association lacks standing to bring this action because it does not own the property injured. The trial court denied summary judgment and certified its order for immediate review. We granted the application to appeal.

1. Equitable and Peachtree contend the condominium owners, not they, are responsible for maintaining the culverts because the culverts are a part of the easement held by the condominium owners over the creekbed. They argue that the holder of an easement is responsible for repairs to the easement. See 25 AmJur2d, Easements and Licenses, § 85; 28 CJS, Easements, § 94.

---

[1] At oral argument, the Association acknowledged that Equitable and Peachtree are not liable for damages incurred prior to Equitable's acquisition of the properties in June, 1979.

The Association alleges the construction of inadequate culverts and maintenance of these culverts in their original state constitute a continuing nuisance by causing flooding of the condominiums. It contends that Equitable as owner of the creekbed is liable for maintenance of the nuisance after notice thereof.

Although the holder of an easement is responsible for repairs to the easement when the use of the easement is impaired due to lack of maintenance, under the facts of this case we find that the culverts creating the alleged nuisance are not in need of repair for the proper use of the easement. Rather, the culverts allegedly are in need of repair to prevent the creation of a nuisance caused by water overflowing from the creekbed, which (for purpose of this appeal) is owned by Equitable.

A continuing nuisance may exist where water is thrown upon adjoining land because of improperly constructed culverts, and an action may be brought against the current owner of the property for maintaining a nuisance where the culverts were constructed by a predecessor. *Williams v. Southern R. Co.,* 140 Ga. 713, 715-16 (79 SE 850) (1913). Equitable's predecessor in title constructed the culverts, and for purpose of the motion for summary judgment, ownership of the creekbeds by Equitable has been admitted.

The owner of a drainage ditch is under a duty to maintain it so that the surface waters do not overflow to the damage of adjacent property owners. *City of Atlanta v. Williams,* 218 Ga. 379, 380-381 (128 SE2d 41) (1962). Similarly, the owner of a creekbed containing a creek flowing through culverts constructed by such owner or his predecessor in title is under a duty to maintain them so that the waters do not overflow to the damage of adjacent property owners. Moreover, Equitable has failed to prove that it is not the owner of the culverts themselves. Under the facts of this case, summary judgment on the merits was properly denied.[2]

2. Code Ann. § 81A-117 requires that civil actions be brought in the name of the real party in interest. See also Code § 3-109. In a suit for damages to and to enjoin further damage to real property, the real party in interest is the person or persons who own, lease or have a legal interest in the property.

The Association maintains it is the real party in interest because it represents the condominium owners whose property was damaged. The Association also claims standing to sue as an unincorporated

---

[2] The Association also contends that a footbridge which crosses the creek impedes the flow of water and contributes to the alleged nuisance. There has been no showing as to who constructed or owns the footbridge, and we make no ruling concerning it.

association on behalf of its membership as expressly provided in Code § 3-117. Code § 3-117 provides "An action or suit may be maintained by and in the name of any unincorporated organization or association."

This section merely provides that an unincorporated association has the *capacity* to sue. *Shaw v. Cousins Mtg. &c. Investments,* 142 Ga. App. 773, 774 (236 SE2d 919) (1977); overruled on other grounds, *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 879 (264 SE2d 489) (1980). A party may have the capacity to sue without being the real party in interest. Here the rights sought to be enforced are the right to recover for damages to property and the right to have that property protected against the continuance of a nuisance. Those rights belong to the owners of the property damaged — the condominium owners here.

In *Bethel Farm Bureau v. Anderson,* 217 Ga. 529 (123 SE2d 754) (1962), this court cited Code § 3-117 without discussion to allow the farm bureau, an unincorporated association, to maintain that action. A tract of land was deeded to five named trustees as the res of a charitable trust. A portion of the tract was occupied by a school and another portion by the farm bureau. When the school merged with the local school system and the site of the school was moved, the farm bureau came into exclusive possession. The trustees failed to appoint successors, and at the time suit was filed there were no trustees. Under those facts the farm bureau was entitled to maintain an action for trespass because of its right of possession to the property. *Bethel Farm Bureau* is clearly distinguishable on its facts from the case here. The Association has shown no right of possession to any of the property claimed to have been damaged here.

The Association urges that it should be allowed to maintain this suit as it would be an undue burden on the individual condominium owners if they were required to do so. We note that the Association has not incorporated pursuant to the Georgia Condominium Act, Ga. L. 1975, pp. 609, 611 (Ga. Code Ch. 85-16E), particularly Code Ann. § 85-1632e. Further, we foresee that an award of damages to the Association without specifying the amount to be awarded each recipient could easily create discord within the Association and foster more litigation. The trial court erred in finding that the Association has standing to maintain this action.

Although we find that the Association lacks standing, Code Ann. § 81A-117 requires the trial court allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest before dismissing the action. Having disposed of the matters which were the basis of our grant of interlocutory appeal and in light of the foregoing, we decline to reach

the remaining enumerations of error.
*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Gambrell & Russell, David A. Handley, James C. Huckaby, Jr.,*
for appellants.
*Davis & Butt, Eugene David Butt, James Lee Ford, King &*
*Spalding, A. Felton Jenkins,* for appellee.