**COUNCIL OF UNIT OWNERS OF SEA COLONY EAST, Phases VI, VII, IV, III Condominium, Plaintiff,**

v.

**CARL M. FREEMAN ASSOCIATES, INC., et al., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: March 17, 1987.
Decided: June 10, 1987.

Raymond Daniel Burke of Freishtat & Sandler, Baltimore, for plaintiff.

Shelah M. Fidellman of Hyatt & Rhoads, P.C., Washington, D.C., for defendants.

MARTIN, Judge.

This is the Court's decision on defendants' Carl M. Freeman Associates, Inc., Sea Colony Inc., Sea Colony Development Corporation, Inc., and Sea Colony Management, Inc. ("Freeman defendants") motion to dismiss the complaint filed by plaintiff Council of Unit Owners of Sea Colony East, Phases VI, VII, IV, III Condominium ("the Council").

The Freeman defendants' motion to dismiss is based upon three premises:

1. That the Council does not have capacity to bring this action on behalf of all of the individual Unit Owners, i.e. the Unit Owners are the real parties in interest;

2. That the Council does not have standing to sue;

3. That the individual Unit Owners need to be joined as persons needed for a just adjudication.

■ The Freeman defendants' initial assertion is that the Council is not the real party in interest as required by Superior Court Civil Rule 17(a) in that it does not have the authority, pursuant to the Delaware Unit Property Act, to prosecute this action. It is further asserted by the Freeman defendants that because of their right to utilize all of the defenses available against the real party in interest as well as their right to be fully protected in the event that another suit is filed, they have a right to insist that an action brought against them be in the name of the real party in interest. Finally, the Freeman defendants have cited various cases in which courts in other jurisdictions have held that community associations are not the real party in interest in order to bring suit on behalf of their members. *Friendly Village Community Association, Inc., No. IV v. Silva Hill Construction Co.*, Cal.Ct.App., 31 Cal. App.3d 220, 107 Cal.Rptr. 123 (1973); *Equitable Life Assurance Society of the United States et al. v. Tinsley Mill Village*, Ga.Supr., 294 Ga. 769, 294 S.E.2d 495 (1982); *Summerhouse Condominium Association, Inc. v. Majestic Savings and Loan Association*, Colo.Ct.App., 44 Colo. App. 495, 615 P.2d 71 (1980).

The Council responds by explaining that it is suing in a representative capacity on behalf of all of the owners for defects in common elements by virtue of its responsibility for the maintenance and repair of the building and for any proceedings which may be instituted on behalf of the owners. Therefore the Council concludes that the assertion that the Council is not the real party in interest is negated.

Additionally, the two reasons mentioned by the Freeman defendants in support of their alleged right to insist that an action brought against them be in the name of the real party in interest are claimed by the Council to be inapplicable. Specifically, as to any claim for defects the Council contends that defendants may assert any defenses against it which they would have against any individual Unit Owner. The problem of protection from future awards is also contended by the Council to be negated in that all interests are represented by the Council and ownership is undivided and common among all individual Unit Owners.

Lastly, the Council argues that the authority cited by the Freeman defendants in support of their assertions under Rule 17(a) should be distinguished. *Friendly Village,* supra 107 Cal.Rptr. at 123, a case cited for the proposition that a condominium association is not the real party in interest, is dated, according to the Council. *Lash v. Lion Property Corp.,* Cal.Ct.App., 128 Cal. App.3d 925, 180 Cal.Rptr. 722, 726 (1983), is instead noted for the Court's teaching that "[t]he right of *organizations* (such as Association) to sue as representatives of all the individual members/owners for damage to areas owned in common is well established by reason and precedent." (Emphasis in original). In explaining its rationale for such decision the Court in *Lash* stated that:

> [b]ecause damage to the common areas, such as walkways and stairs, affect all the unit owners, it is not only logical that the common questions of law and fact be resolved in one proceeding, but it is judicially economical and cost beneficial to do so. .

*Equitable,* supra 294 S.E.2d at 495, a case cited by defendants as illustrative of a court finding a condominium association not to be the real party in interest, was a case where the association sought compensation for flooding of both common areas and individual units. The court's ruling that the condominium association was not the real party in interest was based upon its concern "that an award of damages to the Association without specifying the

amount to be awarded each recipient could easily create discord within the Association and foster more litigation." *Id.* at 498. In the case *sub judice* such concerns are not present as damages are only being sought with respect to common elements.

Similarly, *Summerhouse,* supra 615 P.2d at 71, must be distinguished from the facts of the case *sub judice.* In *Summerhouse* here is no indication that the association was seeking damages for commonly held property, but rather it appears that the association was seeking to represent all owners with common claims rather than common ownership. The Court's decision turned on the fact that the claims represented were breaches of obligations flowing from the individual purchase agreements which are "an individual unit owner's claim, not the condominium association's claim." *Id.* at p. 73.

■ The Freeman defendants next assert in support of their motion to dismiss that the Council lacks standing to sue on behalf of the Unit Owners. The operative statute governing condominium properties is the Delaware Unit Property Act ("the Act"), 25 *Del.C.* §§ 2201, *et seq.* The Act provides specifically in § 2212 that:

> the council shall on behalf of the unit owners:
>
> (1) Have power to manage the business operations and affairs of the property . . .; and
>
> (2) Have such incidental powers as may be appropriate to the performance of their duties.

The Act also provides that the administration of the property shall be governed by a code of regulations. The Freeman defendants assert that although the Code of Regulations of Phase VI states in Article III, Section 2(i) that the Council shall have the power of "enforcing by legal means the provisions of the Declaration, this Code of Regulations and the rules and regulations for the use of the property adopted by it and bringing any proceedings which may be instituted on behalf of the owners", the Act itself does not empower the Council to sue on behalf of the individual Unit Own-

ers. The Code of Regulations may not, the Freeman defendants assert, be used to create a right which is not statutorily conferred by the Delaware Unit Property Act. The argument continues that Article III, Section 2(i) of the Code merely permits the Council to bring an action it is otherwise legally justified to bring, but cannot create the capacity or the legal basis for the Council to sue on behalf of the Unit Owners.

In support of this proposition, the Freeman defendants cite *Council of Unit Owners of Pilot Point Condominium v. Realty Growth Investors*, Del. Ch., 436 A.2d 1268 (1981), *modified on other grounds*, Del.Super., 453 A.2d 451 (1982), in which the council brought suit on behalf of the unit owners, the court agreeing to adjudicate the rights at issue. According to the Freeman defendants, this resulted because all of the individual owners had been joined in a second suit filed by the defendant and were therefore before the Court. *Id.* at 1279.

This Court questions the reasoning propounded by the Freeman defendants wherein they contend that the Code of Regulations cannot create standing to sue where it has not been statutorily conferred, yet recognize that the Code of Regulations for the Condominium expressly authorizes the Council of Unit Owners to bring "any proceedings which may be instituted on behalf of the owners." On the other hand, the Unit Property Act, the Council asserts, gives wide discretion to the drafters of the Code to determine how the legal interests of the owners are to be enforced.

The Council further supports its argument in support of its standing to sue by citing 10 *Del.C.* § 3904, which grants to unincorporated associations the right to sue even in the absence of statute. *See, e.g., Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). In *1000 Grandview Assn, Inc. v. Mt. Washington Associates*, Pa.Super., 290 Pa.Super. 365, 434 A.2d 796 (1981) the court looked beyond the United Property Act, as well as the cases that held that a condominium lacked standing purely because it was not expressly granted by the particular state's statute, basing its holding on general principles of standing. Therefore, the court concluded, an association may have representational standing to assert the rights of its individual members, if it alleges an immediate, direct and substantial injury to anyone of them. *1000 Grandview, Id.* at 798.

Finally, with respect to the standing issue, the Council disagrees with the Freeman defendants' interpretation of the language in *Realty Growth*, supra at 1268, concerning the presence of all individual owners as parties. The Court in *Realty Growth*, the Freeman defendants assert, was referring to the fact that the condominium declaration had not been properly amended, and that such an amendment required action by the individual unit owners. The Court was not suggesting that all owners of units must be parties to any action but rather recognized that all owners were required to consent to an amendment of the condominium declaration, and included a directive to that effect in its order by virtue of the fact that all of the owners were a party to the case through consolidated proceedings. There was no reference to or consideration of the issue of the proper party plaintiff.

■ Finally, the Freeman defendants assert in support of their motion to dismiss that the Council has failed to join the Unit Owners who are needed for just adjudication. Superior Court Civil Rule 19(a) requires the joinder of a person who is subject to service of process, if in such person's absence the disposition of the action may impair or impede the person's ability to protect a claimed interest regarding the subject matter of the action or may leave any of the parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the claimed interest. Because the individual Unit Owners have not been joined as plaintiffs, the Freeman defendants assert, a judgment with respect to the individual condominium units would not bind those individual Unit Owners. Therefore, a disposition of this action would leave the Freeman defendants subject to a risk of incurring subsequent multiple or inconsistent obligations.

The Council disputes the Freeman defendants' assertion that the parties represented by the representative entity must be individually named in the suit. The individual participation of each Unit Owner, the Council asserts, is not necessary to proper resolution of the case, because, by representing all of the Unit Owners to the extent of their interests in the common elements, the Council can obtain complete relief for all of the damages claimed which are suffered in common. The assertion that a disposition of this case would still leave the Freeman defendants subject to suits by the individual Unit Owners is not the case as the complete interest of each of the Unit Owners as to the common elements is represented through the Council in this litigation. Subsequent claims by individual Unit Owners as to any issue which was litigated through the representative association would be barred. *See, Brickyard Homeowners' Assn. v. Gibbons Realty Co.*, Utah Supr., 668 P.2d 535 (1983).

Based on the foregoing analysis this Court concludes that the Council is the real party in interest, does not lack standing to sue on behalf of the Unit Owners and has not failed to join in this action persons needed for just adjudication. The Freeman defendants' motion to dismiss is therefore denied.

IT IS SO ORDERED.